UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JAMISON, | No. 2:14-cv-1710 GEB KJN P |
| Plaintiff, | |
| v. | ORDER |
| YC PARMIA INSURANCE GROUP, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner, proceeding pro se, with this civil rights action seeking relief pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's first amended complaint in which he alleges violation of his constitutional rights by defendants while plaintiff was housed in the Yolo County Jail, stemming from a July 3, 2014 traffic accident.

    On November 24, 2014, plaintiff filed a motion in which he seeks leave to submit documentation in support of an "emergency injunction request [he] recently made." (ECF No. 18 at 1.)  Plaintiff claims that defendants and their co-workers continue to deny him pain medication which he has been on for the past two years.  Plaintiff claims "they continue to make it difficult to even find relief through the 602 system and just immediately cause me to suffer by taking away medications [plaintiff] need[s]." (ECF No. 18 at 1.)  Plaintiff appends copies of his administrative appeals and states that although the appeal was cancelled based on plaintiff's alleged "failure to cooperate," that plaintiff wasn't even at that prison, so could not have failed to

1

cooperate. Plaintiff asks the court to provide a court-appointed doctor to deal with plaintiff's medical issues.

First, the court is not in receipt of a motion for emergency injunctive relief filed in this action. However, plaintiff has numerous other cases pending in this court, and it is not clear whether plaintiff is pursuing the medical claims raised in the instant motion in any of those actions. As a pro se litigant, plaintiff is responsible for keeping track of his cases and filing his motions in the appropriate action.

Second, plaintiff's requests concerning medical care at the California Substance Abuse Treatment Facility in Corcoran, California, are not properly raised in this action. As set forth above, this action is proceeding on concrete claims against defendants in Yolo County, all of which stem from a July 3, 2014 traffic accident, and the issue of whether defendants were deliberately indifferent to plaintiff's safety based on their alleged failure to provide safety belts in the van. Plaintiff's subsequent medical care at a state prison does not involve the instant defendants. Under these circumstances, this court is unable to issue an order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). Moreover, plaintiff's subsequent medical care, particularly concerning medication that plaintiff has been taking for two years, which suggests it was prescribed for medical conditions predating the July 3, 2014 accident, is not related to the legal issues proceeding in this action. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). Thus, plaintiff may not pursue these medical claims in this action.

Third, because plaintiff is now housed at the California Substance Abuse Treatment Facility in Corcoran, California, civil rights claims concerning his medical care must be raised in the Fresno Division of this court.

Finally, although plaintiff states that he "cannot appeal the cancellation" (ECF No. 18 at 2) of his medical 602 or administrative appeal, the appended cancellation notice states that "[t]his screening action may not be appealed unless you allege that the above reason is inaccurate."

(ECF No. 18 at 4.) Because plaintiff claims that the appeal was wrongfully cancelled based on plaintiff's alleged failure to cooperate in the interview because plaintiff wasn't housed at that prison during the time of the alleged lack of cooperation, plaintiff may want to seek reconsideration of the cancellation of his 602 grievance on that basis. The last paragraph of the November 13, 2014 administrative appeal cancellation notice explains how to request reconsideration of a cancelled appeal. (ECF No. 18 at 4.)

Accordingly, IT IS HEREBY ORDERED that plaintiff's November 24, 2014 motion (ECF No. 18) is denied without prejudice.

Dated: December 5, 2014

/jami1710.den

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE