UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY JAMISON, | No. 2:14-cv-1710 GEB KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| YC PARMIA INSURANCE GROUP, et al., | |
| Defendants. | |

I. Introduction

      Plaintiff is a state prisoner, proceeding without counsel. He filed a civil rights action pursuant to 42 U.S.C. § 1983. Defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is pending. For the following reasons, the undersigned recommends that the motion to dismiss be partially granted.

II. Legal Standard for Motion to Dismiss

      Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89 (2007), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir.

1

1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Attachments to a complaint are considered to be part of the complaint for purposes of a motion to dismiss for failure to state a claim. Hal Roach Studios v. Richard Reiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

III. Plaintiff's Claims

Plaintiff alleges that on July 3, 2014, plaintiff was shackled and placed in a van with no seatbelts, and claims that all seatbelts had been removed. While he was being transported in the van, shackled, but not restrained by seatbelts, from Deuel Vocational Institution ("DVI") to the Yolo County Jail, plaintiff alleges that defendant Whitehead was driving 80 miles an hour and collided with a big rig on the interstate. Plaintiff sustained neck and back injuries, and claims his left leg is "permanently dead." (ECF No. 14 at 3.) Plaintiff alleges that defendants YC Parmia Insurance Group and the County of Yolo failed to protect plaintiff by permitting his transport

////

without safety belts and by following a policy that promotes danger by transporting inmates in vehicles with seat belts completely removed and insuring such vehicles.

IV.  Defendants' Motion to Dismiss

Defendants argue that plaintiff's claims arise from a motor vehicle accident and therefore, at most, allege a state law negligence claim.  Defendants contend that plaintiff has no constitutional right to seatbelts while being transported by jail officials, and therefore defendants are entitled to dismissal.  Defendants rely on Newman v. Cty. of Ventura, No. CV 09-4160-JVS (RC), 2010 WL 1266719, at *10 (C.D. Cal. Mar. 8, 2010), report and recommendation adopted, No. CV 09-4160-JVS (RC), 2010 WL 1266725 (C.D. Cal. Mar. 26, 2010) (prisoner's claims dismissed at screening), and King v. San Joaquin Cty. Sheriff's Dep't, No. CIV S-04-1158 GEB KJM P, 2009 WL 577609, at *4-5 (E.D. Cal. Mar. 5, 2009), report and recommendation adopted, No. 2:04-cv-1158 GEB KJM P, 2009 WL 959958 (E.D. Cal. Apr. 6, 2009) (summary judgment granted to defendants).  Defendants also contend that plaintiff raises insufficient charging allegations as to defendant YC Parma Insurance Group.

Plaintiff counters that Yolo County failed to protect plaintiff by failing to provide seatbelts to protect him from a substantial risk of harm, and the fact that they allow the custody officials to have seatbelts demonstrate the county is aware of such risk.  (ECF No. 49.)  Plaintiff argues that the county was permitted to remove seatbelts from their buses, but not their vans.[1]

In reply, defendants contend that the law is clear that prisoners have no constitutional right to use seat belts when in custody and being transported by a law enforcement agency, and that California Vehicle Code § 27315(a)(6) exempts defendants from mandatory seatbelt use.  (ECF No. 50 at 1.)  Defendants state that the statute does not distinguish between a bus and a van.

---

[1] Plaintiff asks the court to investigate defense counsel's failure to initially send plaintiff a copy of the motion, and to bar counsel from representing defendants based on allegations that counsel allegedly refused to accept waiver of service of process.  (ECF No. 49 at 10.)  However, on June 8, 2015, counsel stated that the motion was re-served on plaintiff's new address.  (ECF No. 47.)  On April 22, 2015, counsel signed waivers of service of summons on all three defendants.  (ECF No. 38.)  Plaintiff filed a timely opposition to the motion, and on June 25, 2015, plaintiff's motion for default was denied.  (ECF No. 51.)  The court will render no further orders on the issue of service of process.  Plaintiff is advised that the court does not investigate claims or issues raised by the parties.

3

On July 7, 2015, plaintiff filed a document entitled, "Memorandum in Opposition to Defendants' Reply to Plaintiff's Opposition." (ECF No. 52.) Such filing is a surreply, which the Local Rules do not authorize. See Local Rule 230(m). Nevertheless, a district court may allow a surreply "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 WL 3031136, at *1 (E.D. Cal. 2005); accord Norwood v. Byers, 2013 WL 3330643, at *3 (E.D. Cal. 2013) (granting the motion to strike the surreply because "defendants did not raise new arguments in their reply that necessitated additional argument from plaintiff, plaintiff did not seek leave to file a surreply before actually filing it, and the arguments in the surreply do not alter the analysis below"), adopted, 2013 WL 5156572 (E.D. Cal. 2013). In the present case, defendants did not raise new arguments in their reply brief, plaintiff did not seek leave to file a surreply, and his arguments therein do not impact the court's analysis. Thus, the court strikes plaintiff's surreply.

V. Discussion

Here, the constitutional right that is being litigated is plaintiff's right to be free from unreasonable risks of harm and defendant Whitehead's alleged deliberate indifference to those risks. See Brown v. Fortner, 518 F.3d 552, 561 (8th Cir. 2008) (finding the right at issue as the right of inmates to be free from unreasonable and substantial risks of harm when inmate alleged that officer's conduct of reckless driving and denial of seatbelt was constitutional violation). It is settled law that prison officials have a duty under the Eighth Amendment to avoid an excessive risk to inmate safety. See, e.g., Farmer v. Brennan, 511 U.S. 825, 834 (1994). To state a claim under the Eighth Amendment based upon a defendant's failure to prevent injury, a plaintiff must allege that defendants were "deliberate[ly] indifferen[t]" to "conditions posing a substantial risk of serious harm." Id. Deliberate indifference is more than mere negligence, but less than purpose or knowledge. See id. at 836. A prison official acts with deliberate indifference only if he "knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837; accord Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).

Taking plaintiff's allegations as true, defendant Whitehead's actions of placing a shackled inmate in a van without benefit of seatbelts and then driving recklessly, at a speed of 80 miles per hour, would pose an unreasonable risk of harm. See Brown v. Fortner, 518 F.3d 552 (8th Cir. 2008) (potential Eighth Amendment violation where officer knew that prisoner was restrained and could not secure his own seatbelt, rejected request for a seatbelt, drove recklessly, and ignored requests to slow down); Wilbert v. Quarterman, 647 F.Supp.2d 760, 769 (S.D. Tex. 2009) ("Considering the different circuit court opinions, it appears that an allegation of simply being transported without a seatbelt does not, in and of itself, give rise to a constitutional claim. However, if the claim is combined with allegations that the driver was driving recklessly, this combination of factors may violate the Eighth Amendment."); Brown v. Saca, No. EDCV 09-01608-ODW, 2010 WL 2630891, *4 (C.D. Cal. June 9, 2010) ("plaintiff's allegations that Saca and Crispin refused to secure his seatbelt are sufficient to state a claim under the Eighth Amendment because he has alleged that Saca and Crispin acted recklessly"). Thus, the instant action is distinguishable from Newman, where the inmate alleged that his constitutional rights were violated "when he was transported to court on a bus that did not have seat belts." Newman, 2010 WL 1266719, at *10. Mr. Newman did not allege that a jail official drove recklessly. Id.

Perhaps defendant Whitehead can adduce evidence that he was not driving recklessly or exceeding the posted speed limit, or that for some reason he was unaware of a substantial risk of harm. See King, 2009 WL 577609; Brown, 518 F.3d at 560. But such questions of fact cannot be resolved at this stage of the litigation.

However, defendants' motion to dismiss Yolo County and the YC Parma Insurance Group is well-taken. Defendant Yolo County was exempt under state law from providing seatbelts in their transport vans.[2] Thus, defendants cannot be liable based solely on their failure to provide

---

[2] The California Motor Vehicle Safety Act provides for the mandatory use of seatbelts. Cal. Veh. Code § 27315. However, Section 27315 provides a pertinent exception:

> This section also does not apply to a public employee, if the public employee is in an authorized emergency vehicle as defined in paragraph (1) of subdivision (b) of Section 165, or to a passenger in a seat behind the front seat of an authorized emergency vehicle as defined in paragraph (1) of subdivision (b) of Section 165 operated by the public employee, unless required by the agency employing

5

seatbelts. Plaintiff does not allege that the county had a policy of providing seatbelts but defendant Whitehead did not use them. Rather, plaintiff alleges that the seatbelts were removed. Thus, the county's failure to provide seatbelts, standing alone, is insufficient to state a cognizable civil rights claim against the county. Carrasquillo v. City of New York, 324 F.Supp.2d 428, 437 (S.D. N.Y. 2004) ("[F]ailure to provide seatbelts to prisoners is not a constitutional violation under § 1983."); King, 2009 WL 577609 at *4 ("[A] prison's or jail's failure to equip a van or bus with seatbelts for the prisoners does not rise to the level of deliberate indifference as a matter of constitutional law."). Similarly, YC Parma, as the provider of liability insurance, cannot be held liable for the failure to provide or to require seatbelts.

Moreover, Yolo County and YC Parma cannot be responsible under a theory of respondeat superior. The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy

---

the public employee.

Cal. Veh. Code § 27315(g). Despite plaintiff's argument that Section 27315 applies to buses but not vans, plaintiff is mistaken. Pursuant to Section 165 of the California Vehicle Code, an "authorized emergency vehicle" is defined as:

> (b) Any publicly owned vehicle operated by the following persons, agencies, or organizations:
>
>   (1) Any federal, state, or local agency, department, or district employing peace officers as that term is defined in Chapter 4.5 (commencing with Section 830) of Part 2 of Title 3 of the Penal Code, for use by those officers in the performance of their duties.

Cal. Vehicle Code § 165(b)(1). Under California Penal Code section 830.1(a), sheriffs and deputy sheriffs are peace officers.

demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Here, plaintiff alleges no facts demonstrating that either defendant was involved in the July 3, 2014 incident. Thus, the motion of defendants Yolo County and the YC Parma Insurance Group should be granted. Because plaintiff cannot add facts demonstrating their liability, granting plaintiff leave to amend would be futile. See Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002) (leave to amend need not be granted where amendment would be futile).

VI. Conclusion

Accordingly, IT IS HEREBY ORDERED that plaintiff's July 7, 2015 surreply (ECF No. 52) is stricken; and

IT IS RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 21) be partially granted, and defendants Yolo County and YC Parma Insurance Group be dismissed;

2. Defendant Whitehead's motion to dismiss be denied; and

3. Within twenty-one days from any order by the district court adopting these findings and recommendations, defendant Whitehead be directed to file a responsive pleading.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to

////

////

appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 9, 2015

jami1710.mtd

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE